UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN G. REEDY,<br><br>Plaintiff,<br><br>v.<br><br>EL DORADO SUPERIOR COURT, *et al.*,<br><br>Defendants. | Case No. 2:24-cv-0649-KJM-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, proceeding *pro se*, brings this case against the El Dorado Superior Court, state judge Lauren Bowers, and child custody recommending counselor Rebecca Nelson, alleging violations of his rights in connection with ongoing state family law proceedings. Defendants now move to dismiss all claims. ECF No. 11. Plaintiff has filed an opposition, ECF No. 13, and defendants have filed a reply, ECF No. 15. After review of the pleadings, I recommend that the motion be granted.

**I.  Legal Standards**

A complaint may be dismissed under that rule for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility

1   when the plaintiff pleads factual content that allows the court to draw the reasonable inference

2   that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

3   (2009) (citing *Twombly*, 550 U.S. at 556).  The plausibility standard is not akin to a "probability

4   requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully.

5   *Iqbal*, 556 U.S. at 678.

6      For purposes of dismissal under Rule 12(b)(6), the court generally considers only

7   allegations contained in the pleadings, exhibits attached to the complaint, and matters properly

8   subject to judicial notice, and construes all well-pleaded material factual allegations in the light

9   most favorable to the nonmoving party.  *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710

10  F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

11     Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal

12  theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d

13  at 956.  Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the

14  claim.  *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

15  **II.   Background**

16     This action proceeds on the first amended complaint.  ECF No. 3.  Therein, plaintiff

17  brings nine causes of action.  These largely pertain to defendants' treatment of his disabilities:

18  (1) a "neuroperceptual" condition affecting the speed at which he is able to process verbal and

19  written communication; and (2) a "long-term, degenerative orthopedic disability" exacerbated by

20  "excessive driving." ECF No. 3 at 4-5.  At the outset of the child custody dispute with his child's

21  mother, he claims that, due to his neurological condition, he was rushed into signing a referral for

22  supervised visitation.  *Id.* at 6.  As part of the state proceedings, plaintiff was required to

23  participate in Child Custody Recommending Counseling ("CCRC").  *Id.*  The proceedings began

24  in 2018 and, until 2022, plaintiff and the other parent maintained a joint equal custody

25  arrangement. *Id.* at 6-7.  At that point, defendant Nelson was assigned as the new CCRC

26  counselor. *Id.* at 8.  Plaintiff claims that Nelson was hostile toward him and, after obtaining his

27  medical records, discriminated against him because of his disabilities by recommending that he

28  lose custody. *Id.* at 9-10.  Plaintiff filed a complaint with the court against Nelson and was

informed by the Court Administration that the matter would be addressed through the ongoing legal proceedings. *Id.* at 11. He claims that further meetings and interactions with Nelson were hostile and that she continued to discriminate against him by minimizing his disabilities or interfering with his attempts to obtain accommodation for those disabilities. *Id.* at 16-20.

Plaintiff claims that Judge Bowers erroneously found that his mother (the paternal grandmother) was doing an outsize share of the parenting for him. *Id.* at 21-22. He also argues that Judge Bowers erroneously found that the child's mother was better able to select a school than he was. *Id.* at 22-24. Plaintiff broadly alleges that Judge Bowers showed bias in favor of the child's mother and treated him dismissively. *Id.* at 24-25. He also claims that Judge Bowers' handling of his case is non-compliant with California Family Code and that she wrongfully threatened to find him a "vexatious litigant." *Id.* at 36-38.

With respect to the proceedings themselves, plaintiff alleges that he was denied reasonable accommodations when the state court denied his requests for (1) extra time "to process questions, responses, and written materials" and (2) the use of a "Live Scribe Echo Pen" for note taking. *Id.* at 11. Plaintiff alleges that he was denied these accommodations, and that court staff failed to direct him to other resources that could have ameliorated his disability-related issues. *Id.* at 11-12.

Plaintiff raises eight claims. He claims: first, that defendants violated California Family Code section 3049, which addresses how courts should weigh a parent's disability in child custody arrangements. ECF No. 3 at 31-32. Second, that defendants' actions violated Title II of the Americans with Disabilities Act ("ADA"). *Id.* at 32-33. Third, that defendants' actions violated sections 504 and 505 of Rehabilitation Act ("RA"). *Id.* at 35-37. Fourth, that defendants violated his Fourteenth Amendment due process rights. *Id.* at 38-39. Fifth, that defendants violated his equal protection rights under the Fourteenth Amendment. *Id.* at 40-41. Sixth and seventh, that defendants violated his due process and equal protection rights under the California Constitution. *Id.* at 41-42. And eighth, that defendants violated his rights under the California Civil Code sections 51(f), 54(c), and 54.1(d). *Id.* at 42.

In terms of relief, plaintiff seeks injunctive relief preventing Nelson or Judge Bowers from participating in any future proceedings in his family law case. *Id.* at 43-44. He also seeks compensatory damages. *Id.* at 44-47. Finally, he seeks a declaratory judgment declaring defendants' actions unconstitutional. *Id.* at 48.

### III.     Analysis

Defendants argue that all of plaintiff's federal claims (numbers 2, 3, 4, 5, & 6 in the background section above) are barred by judicial and quasi-judicial immunity. They are correct. "It is well settled that judges are generally immune from suit for money damages." *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001). That immunity extends to defendant Nelson. *See Stone v. Freitas*, No. 1:14-cv-01267-LJO-SKO, 2014 U.S. Dist. LEXIS 158721, *9 (E.D. Cal. Nov. 10, 2014) ("In California state court, child custody evaluators are unquestionably entitled to absolute quasi-judicial immunity. . . . The law is no different in the federal district court."). And there can be no serious argument that the claims plaintiff raises concern "judicial acts" of the sort judicial immunity is intended to protect. An act is judicial if:

> (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity.

*Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (quoting *Meek v. Cnty. of Riverside*, 183 F.3d 962, 967 (9th Cir. 1999)). Plaintiff takes issue with the way Nelson and Judge Bowers treated him during official proceedings over which they presided. As noted above, he broadly complains that they failed to account for, or, in some instances, improperly discounted, his disabilities in discharging their judicial duties. The Ninth Circuit has held that, faced with such ADA claims, judicial immunity still applies. *See Lund v. Cowan*, 5 F.4th 964, 972 (9th Cir. 2021).

Judicial immunity also shields defendants from claims for injunctive relief, "unless a declaratory decree was violated or declaratory relief was unavailable." *Moore v. Urquhart*, 899 F.3d 1094, 1104 (9th Cir. 2018) (quoting Federal Courts Improvement Act of 1996 ("FCIA")). There is no allegation of either here. Declaratory relief against a judicial defendant is usually

4

available by appealing their order. *See Yellen v. Hara*, No. 15-00300-JMS-KSC, 2015 U.S. Dist. LEXIS 106869, at *13 (D. Haw. Aug. 13, 2015). Indeed, plaintiff has indicated that he has an open appeal in state court concerning the adverse decisions in the relevant case. ECF No. 13 at 11.

It follows that plaintiff's requests for declaratory relief in this case should be denied. Here, the complaint asks that the court declare "the acts of the defendants to be a violation of Plaintiff's [federal rights]." ECF No. 3 at 48. And that the court declare "that the actions of defendants toward Plaintiff are unconstitutional." *Id.* The acts referred to are most appropriately understood as the alleged violations of plaintiff's rights that have already occurred. The Ninth Circuit has not yet decided whether, in light of the FCIA, judicial or quasi-judicial immunity bars claims for declaratory relief. *See Cowan*, 5 F.4th at 970 n.2 ("Our court has not yet explicitly answered whether the statutory amendment [under the FCIA] bars declaratory relief . . . we leave that question for another day."). Other circuits, however, have persuasively held that the FCIA permits claims for prospective declaratory relief, but not retrospective. *See Lawrence v. Kuenhold*, 271 F. App'x 763, 766 (10th Cir. 2008); *Just. Network, Inc. v. Craighead Cnty.*, 931 F.3d 753, 764 (8th Cir. 2019)). Additionally, requests for declaratory relief based on past violations of federal law are barred by the Eleventh Amendment. *See Green v. Mansour*, 474 U.S. 64, 73 (1985). Finally, declaratory relief should not issue where a federal court abstains from hearing claims under the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971).[1] *See Herrera v. City of Palmdale*, 918 F.3d 1037, 1048 (9th Cir. 2019) ("*Younger* applies to requests for declaratory relief because ordinarily a declaratory judgment will result in precisely the same

---

[1] The *Younger* abstention doctrine applies here. "Absent extraordinary circumstances, Younger abstention is required if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *San Remo Hotel v. City & Cnty. of San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998). There is no dispute that state proceedings involving the relevant questions of child custody are ongoing. In his opposition, plaintiff notes that he has an "active appeal to redress the lower Court's decision to grant the mother sole-decision making authority over school choice among other issues." ECF No. 13 at 11. Issues of child custody implicate important state interests. *H.C. v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000). And there does not appear to be any bar to plaintiff presenting the claims here to the state appellate court system. Thus, *Younger* abstention is appropriate.

1 interference with and disruption of state proceedings that the longstanding policy limiting
2 injunctions was designed to avoid.") (internal quotation marks omitted).  As noted above, plaintiff
3 may seek declaratory relief in the state court system.

4 The application of judicial immunity also forecloses any possible federal claim against the
5 Superior Court itself.  *Cowan*, 5 F.4th at 972 ("Because judicial immunity bars any finding of
6 individual liability against Judge Cowan, the Superior Court similarly cannot be held liable for
7 Judge Cowan's conduct.").

8 Finally, I recommend that the court decline to exercise supplemental jurisdiction over
9 plaintiff's state law claims.  The Supreme Court has stated that "in the usual case in which all
10 federal-law claims are eliminated before trial, the balance of factors to be considered under the
11 pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point
12 toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon*
13 *Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).  Again, the family law proceedings are ongoing,
14 and plaintiff may present his state law claims to the state courts.  They are better situated to
15 determine whether defendants ran afoul of state law.  *See United Mine Workers of Am. v. Gibbs*,
16 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of
17 comity and to promote justice between the parties, by procuring for them a surer-footed reading
18 of the applicable law.").

19 **IV.    Conclusion**
20 Accordingly, it is RECOMMENDED that:
21 1. Defendants' motion to dismiss, ECF No. 11, be GRANTED.
22 2. Plaintiff's federal claims be DISMISSED with prejudice.
23 3. The court decline to exercise supplemental jurisdiction over plaintiff's state law claims.
24 4. The Clerk of Court be directed to close the case.
25 These findings and recommendations are submitted to the United States District Judge
26 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
27 after being served with these findings and recommendations, any party may file written
28 objections with the court and serve a copy on all parties.  Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
2  objections shall be served and filed within fourteen days after service of the objections.  The
3  parties are advised that failure to file objections within the specified time may waive the right to
4  appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*
5  *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     December 16, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE