UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Justin G. Reedy, | No. 2:24-cv-00649-KJM-JDP |
| Plaintiff, | ORDER |
| v. | |
| El Dorado Superior Court, et al., | |
| Defendants. | |

Plaintiff Justin Reedy, who is proceeding without an attorney in this action, asserts several claims against a state trial court, a judge of that court, and a child custody recommending counselor.[1] Reedy alleges the defendant judge and counselor discriminated against him, did not accommodate his disabilities, exhibited bias against him because of his disabilities, and otherwise denied him due process and equal protection during child custody and visitation proceedings in state court. *See* First Am. Compl. at 2–3, ECF No. 3. The matter was referred to the assigned

---

[1] "In California, the mediators of a custody and visitation dispute may, subject to certain restrictions, submit a recommendation to the court after mediation and an assessment of the child's interests and needs." *Karkanen v. Fam. Ct. Servs. of Contra Costa Cnty.*, No. 17-CV-00999-HSG, 2017 WL 2730227, at *2 (N.D. Cal. June 26, 2017) (citing Cal. Fam. Code §§ 3161, 3180, 3183 and Cal. R. Ct. 5.210). "Where the mediator is authorized to submit a recommendation to the court, the mediation and recommendation process is called 'child custody recommending counseling' and the mediator is called a 'child custody recommending counselor.'" *Id.* (quoting Cal. Fam. Code § 3183).

1  Magistrate Judge under this court's local rules. *See* E.D. Cal. L.R. 302(c)(21). The Magistrate
2  Judge recommends granting the defendants' motion to dismiss for lack of subject matter
3  jurisdiction and for failure to state a claim. *See generally* F&Rs, ECF No. 19; Mot. Dismiss, ECF
4  No. 11. Reedy objects, and defendants have responded. *See generally* Objs., ECF No. 24; Resp.,
5  ECF No. 25. The court has reviewed the matter de novo, *see* 28 U.S.C. § 636(b)(1)(A), and
6  adopts the Findings and Recommendations in full, writing separately here for clarity and to
7  explain why plaintiff's objections do not show any different result is warranted.

8       The complaint includes nine claims. Among these are multiple federal claims under the
9  Americans with Disabilities Act (ADA), the Rehabilitation Act and 42 U.S.C. § 1983. *See* First
10 Am. Compl. at 32–41 (claims two through six). The remaining claims assert violations of state
11 law. *See id.* at 41–42. In addition to compensatory damages, fees and costs, Reedy seeks a
12 variety of equitable relief. He seeks injunctive relief in several specific forms, including an
13 injunction barring the state court judge and counselor from participating in the state court action,
14 "from taking such actions toward the plaintiff in the future," and from retaliating against him "in
15 any way"; an order instructing the state court to remove specific documents from the file of the
16 custody case and to strike all references to those documents from the state court record; an order
17 enjoining the parties in the state court case from duplicating or disseminating the same
18 documents; and an order instructing any other counselors who might be assigned to the case in
19 the future to disregard those documents. *Id.* at 48–49 (prayer for relief). Reedy also seeks
20 declaratory relief in the form of a judicial declaration that the defendants' actions violated federal
21 law and deprived him of constitutional rights. *Id.*

22      At the outset, Reedy objects to the Magistrate Judge's characterization of the record
23 showing that the defendant counselor was hostile toward him and discriminated against him "after
24 obtaining his medical records." *See* F&Rs at 2; Objections at 1. Reedy explains he alleges the
25 counselor was hostile and discriminatory both before *and* after she received his medical records.
26 *See* Objections at 1. This difference is not material to the Magistrate Judge's reasoning, but the
27 court has taken plaintiff's position into account.

1    The court turns first to the claims against the two individual defendants: the superior court
2    judge and child custody recommending counselor. The Magistrate Judge correctly concluded
3    these defendants are entitled to absolute immunity against all of Reedy's claims for damages.
4    First, as for the claims against the judge, Reedy's allegations all relate to judicial actions in trials,
5    hearings and related matters, and by longstanding rule, judges are immune to such claims. *See,*
6    *e.g.*, *Mireles v. Waco*, 502 U.S. 9, 9, 11 (1991) (per curiam); *Lund v. Cowan*, 5 F.4th 964, 970–
7    71, 973 (9th Cir. 2021). Child custody recommending counselors also are entitled to quasi-
8    judicial absolute immunity because they fulfill a judge-like role within the California family court
9    system. *See, e.g.*, *Stone v. Freitas*, No. 14-01267, 2014 WL 6774192, at *4 (E.D. Cal. Nov. 10,
10   2014) (collecting authority), *findings & recommendation adopted*, 2015 WL 471706 (E.D. Cal.
11   Jan. 30, 2015). Like Reedy's allegations against the defendant judge, his allegations against the
12   defendant counselor relate to actions in her capacity as a counselor. The defendant counselor is
13   for these reasons also absolutely immune to the damages claims against her.
14   Common law judicial immunity "only bars suits seeking damages." *Moore v. Urquhart*,
15   899 F.3d 1094, 1104 (9th Cir. 2018). Reedy's claims for injunctive and declaratory relief must be
16   taken separately. As the Magistrate Judge correctly concluded, Reedy's claims for injunctive
17   relief under § 1983 are not viable. "[I]n any action brought against a judicial officer for an act or
18   omission taken in such officer's judicial capacity," such as in this action, "injunctive relief shall
19   not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42
20   U.S.C. § 1983. No allegations in the complaint suggest either defendant violated a declaratory
21   decree. Nor do Reedy's allegations permit an inference that declaratory relief is now or was
22   previously unavailable to him. A person can obtain the functional equivalent of "declaratory
23   relief" against a judge or judicial officer for actions that judge or officer took in an official
24   capacity by pursuing an appeal or a writ in a state appellate court; many federal courts have
25   recognized as much. *See, e.g.*, *Yellen v. Hara*, No. 15-00300, 2015 WL 4877805, at *5 (D. Haw.
26   Aug. 13, 2015); *La Scalia v. Driscoll*, 2012 WL 1041456, at *7 (E.D.N.Y. Mar. 26, 2012).
27   Reedy can pursue and has pursued appeals within the state court system. *See* Opp'n Mot.
28   Dismiss at 11, ECF No. 13. In fact, as he concedes in his objections to the findings and

1   recommendations, some of his equitable claims are moot in light of the ongoing state court
2   proceedings.² *See* Objections at 2.
3         It is unclear whether § 1983 permits claims for declaratory relief—as opposed to
4   injunctive relief—against judges or judicial officers, and if so, to what extent.  As the Magistrate
5   Judge noted, there is no controlling authority on this point.  *See* F&Rs at 5 (citing *Lund*, 5 F.4th at
6   970 n.2).  If relief is available, the court would decline to grant it for the reasons in the Magistrate
7   Judge's findings and recommendations.  This action could not proceed in this court without
8   interfering with the family law matter pending in the state court system.  *See id.* at 5 & n.1.
9   Those proceedings implicate child custody matters, which are important state interests.  *See H.C.*
10  *v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000).  Because Reedy has not identified any reason he
11  could not present and litigate his claims in those state court proceedings, this court must abstain
12  from adjudicating them under *Younger v. Harris*, 401 U.S. 37 (1971).  Even if abstention were
13  not mandatory under *Younger*, this court would not exercise discretion to grant declaratory relief
14  in these circumstances under the Supreme Court's decision in *Brillhart v. Excess Insurance*
15  *Company of America*, 316 U.S. 491 (1942), which holds that a declaratory judgment in federal
16  court is "unwarranted" if there is a state court proceeding "in which all the matters in controversy
17  between the parties could be fully adjudicated."  *Id.* at 495; *see also Scotts Co. LLC v. Seeds, Inc.*,
18  688 F.3d 1154, 1158 (9th Cir. 2012) ("A district court may, in its discretion, decline to hear a
19  declaratory judgment action when a related case is pending in state court.").³
20        Reedy also seeks injunctive and declaratory relief against the judge and counselor under
21  the ADA and Rehabilitation Act.  Under *Lund*, he cannot obtain a "retrospective" injunction
22  under those statutes in these circumstances; otherwise he could circumvent these defendants'
23  absolute immunities.  *See* 5 F.4th at 973.  For the same reasons summarized in the previous
24  paragraph, this court also must abstain from adjudicating the injunctive relief claims under

---

² The court also takes judicial notice of the related appellate dockets, which show at least one appeal, No. C100857, was ongoing in May 2025, when this order is being filed.  *See* Req. J. Not., ECF No. 11-2.

³ The court need not and does not consider whether Reedy could pursue any claims in federal court after all relevant state court proceedings have concluded.

1    *Younger v. Harris*, 401 U.S. 37, and it will not exercise discretionary authority to issue a
2    declaratory judgment in the face of the ongoing state court proceedings, *see Brillhart*, 316 U.S. at
3    495.  Reedy cannot assert claims under Title II of the ADA or under the Rehabilitation Act
4    against individual state officers in any event.  *See Vinson v. Thomas*, 288 F.3d 1145, 1156
5    (9th Cir. 2002); *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).

      Turning, to the claims against the state court itself, the Magistrate Judge was correct to recommend dismissal of the § 1983 claims in their entirety.  These claims are "barred by the eleventh amendment," which applies equally to suits in both "law" and "equity."  *Munoz v. Superior Ct. of Los Angeles Cnty.*, 91 F.4th 977, 980 (9th Cir. 2024) (quoting *Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987), *superseded by statute on other grounds as stated in Buffin v. California*, 23 F.4th 951, 963 n.5 (9th Cir. 2022).  The Magistrate Judge also correctly recommends dismissal of Reedy's ADA and Rehabilitation Act claims against the state court to the extent those claims would permit him to circumvent the individual defendants' absolute immunity.  *See Lund*, 5 F.4th at 973.  And this court must otherwise abstain from interfering in the ongoing state court litigation under *Younger*, 401 U.S. 37.

      Finally, the court adopts the Magistrate Judge's recommendation not to permit an amendment.  In light of the immunities and general legal principles discussed above and in the findings and recommendations, allowing amendment would be an exercise in futility.

      Because all of Reedy's federal claims are being dismissed before trial, and in light of the immunities and jurisdictional limits discussed above, this court declines to exercise supplemental jurisdiction over his state law claims.  *See* 28 U.S.C. § 1367(c)(3)–(4) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction, or . . . in exceptional circumstances, there are other compelling reasons for declining jurisdiction.").

For these reasons:

1. The Findings and Recommendations filed December 16, 2024, are **adopted**;
2. Defendants' motion to dismiss, ECF No. 11, is **granted**;

5

1  3. Plaintiff's federal claims are **dismissed without leave to amend**;

2  4. The court **declines to exercise supplemental jurisdiction** over plaintiff's state law claims; and

3  5. The Clerk's Office is directed to **close the case**.

IT IS SO ORDERED.

DATED: May 14, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE